

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00509-CR
No. 02-18-00510-CR

_____

TRAVIS GUERIN, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 355th District Court
Hood County, Texas
Trial Court Nos. CR13687, CR14293

Before Sudderth, C.J.; Gabriel and Womack, JJ.
Memorandum Opinion by Justice Gabriel

**MEMORANDUM OPINION**

A grand jury indicted Appellant Travis Guerin on one count of possession of less than one gram of the controlled substance methamphetamine and one count of child endangerment, both state-jail felonies, and he was later indicted in a separate case for bail jumping, a third-degree felony.[1] *See* Tex. Penal Code Ann. §§ 22.041(c), (c-1), (f), (h) (child endangerment), 38.10(a), (f) (bail jumping); Tex. Health & Safety Code Ann. §§ 481.102(6), .115(a)–(b) (methamphetamine possession). After a jury found Guerin guilty of all three offenses, he pleaded true to the enhancement paragraph alleged in the indictment charging bail jumping, and the jury assessed his punishment at two years' confinement in state jail for the child-endangerment and drug-possession offenses and eighteen years' confinement for bail jumping. *See* Tex. Penal Code Ann. §§ 12.33, .35, .42(a). The trial court sentenced Guerin accordingly, and he timely appealed.

In each case, Guerin's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 87 S. Ct. 1396 (1967); *see In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding) (analyzing the effect of *Anders*). Although Guerin

---

[1]Guerin was indicted on two counts of bail jumping, but the jury was charged only on the first count. The trial court dismissed the second count after the trial.

was given an opportunity to file a pro se response to the *Anders* brief in each case, he has not done so, nor has the State filed a responsive brief.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court must independently examine the record to see if any arguable ground may be raised on his behalf. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We also consider the briefs and any pro se response. *See Schulman*, 252 S.W.3d at 408–09. Only after we conduct our own examination to determine whether counsel has correctly assessed the case may we grant his motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief and the record in each case. In that review, we discovered that some costs imposed are statutorily barred or otherwise not supported by the records.

*First*, the trial court assessed duplicate court costs against Guerin. Article 102.073(a) of the code of criminal procedure provides that "[i]n a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against" him. Tex. Code Crim. Proc. Ann. art. 102.073(a). This court and others have interpreted "a single criminal action" to include a trial on multiple offenses regardless of whether they were committed in a single criminal episode. *Santoro v. State*, Nos. 02-18-00039-CR, 02-18-00040-CR, 2018 WL 3153564, at *1 (Tex. App.—Fort Worth

3

June 28, 2018, no pet.) (mem. op., not designated for publication) (collecting cases). When a trial court erroneously assesses court costs for multiple convictions tried in a single proceeding, we retain the court costs for the offense of the highest category. Tex. Code Crim. Proc. Ann. art. 102.073(b); *Santoro*, 2018 WL 3153564, at *2. We therefore retain the court costs for Guerin's bail jumping offense. Costs erroneously duplicated include: the clerk's fee, the consolidated court costs fee, the courthouse security fee, the criminal e-filing conviction fee, the criminal technology fee, the indigent defense services fee, the judicial support fee, the jury reimbursement fee, the jury trial fee, the records management and preservation fee, the summoning jury fee, and the time payment fee. Those fees total $294. Thus, in trial court cause number CR13687 (appellate cause number 02-18-00509-CR), we modify the trial court's judgment and incorporated order to withdraw funds and the bill of costs to delete $294 in duplicated court costs.

*Second*, capias warrant fees were erroneously charged in both of Guerin's cases. The statute governing fees for services of peace officers provides that a defendant convicted of a felony shall pay $50 for the executing or processing of an issued arrest warrant or capias but only $5 for a warrantless arrest, and that the "fee . . . shall be assessed on conviction, regardless of whether the defendant was also arrested at the same time for another offense, and shall be assessed for each arrest made of a defendant arising out of the offense for which [he] has been convicted." Tex. Code Crim. Proc. Ann. art. 102.011(a)(1)–(2), (e).

4

The record in trial court cause number CR13687 (appellate cause number 02-18-00509-CR) indicates that Guerin was first arrested on the drug-possession and child-endangerment charges after his home was searched pursuant to a search warrant. There is no indication in the record that the search warrant was also a capias or arrest warrant, and Guerin included "capias[es]" in his written designation of documents to be included in the appellate clerk's record. Because no warrant or capias authorized Guerin's initial arrest, the two $50 fees assessed for that arrest are not supported by the record. The fees assessed should have been two $5 warrantless arrest fees. *Id.* art. 102.011(a)(1). After Guerin jumped bail, arrest warrants were issued for the drug-possession and child-endangerment charges, and he was arrested pursuant to those active warrants. In trial court cause number CR13687 (appellate cause number 02-18-00509-CR), we therefore modify the trial court's judgment and incorporated order to withdraw funds and the bill of costs to delete $90 of the $200 capias warrant fee assessed against Guerin. *See, e.g.*, *Gonzalez v. State*, No. 02-17-00373-CR, 2019 WL 983699, at *2 (Tex. App.—Fort Worth Feb. 28, 2019, no pet.) (per curiam) (mem. op., not designated for publication) (holding same in similar Hood County case).

In trial court cause number CR14293 (appellate cause number 02-18-00510-CR), no arrest warrant was issued. Although a returned precept to serve the indictment appears in the record, the bill of costs includes a corresponding $35 serving writ fee. *See* Tex. Code Crim. Proc. Ann. arts. 25.01 (providing that "[i]n

5

every case of felony, when the accused is in custody, or as soon as he may be arrested, the clerk of the court where an indictment has been presented shall immediately make a certified copy of the same, and deliver such copy to the sheriff, together with a writ directed to such sheriff, commanding him forthwith to deliver such certified copy to the accused"), 102.011(a)(4) (authorizing $35 fee "for serving a writ" not specified in that article); *cf. Love v. State*, No. 03-15-00462-CR, 2016 WL 1183676, at *2 (Tex. App.—Austin Mar. 22, 2016, no pet.) (mem. op., not designated for publication) (noting these statutes and holding trial court did not err by imposing $25 sheriff's fee when precept was in the record). We therefore modify the trial court's judgment and incorporated order to withdraw funds and the bill of costs in trial court cause number CR14293 (appellate cause number 02-18-00510-CR) to delete $45 of the $50 capias warrant fee assessed against Guerin. *See, e.g., Gonzalez*, 2019 WL 983699, at *2.

Except for these improperly imposed fees, we agree with counsel that these appeals are wholly frivolous and without merit; we find nothing in the records before us that arguably might support these appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

Having modified the trial court's judgment and incorporated order to withdraw funds and the bill of costs in trial court cause number CR13687 (appellate cause number 02-18-00509-CR) to delete cumulative costs of $384—$294 for the duplicated costs and fees and $90 for the improperly charged warrant fees—leaving total costs at

6

$190 in that case, we grant counsel's motion to withdraw in that case and affirm as modified the trial court's judgment and the order to withdraw funds incorporated therein. *See Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (holding that an appellate court has authority to modify a judgment in an *Anders* appeal). Having modified the trial court's judgment and incorporated order to withdraw funds and the bill of costs in trial court cause number CR14293 (appellate cause number 02-18-00510-CR) to delete $45 of the improperly charged warrant fee, leaving total costs at $334 in that case, we likewise grant counsel's motion to withdraw in that case and affirm as modified the trial court's judgment and incorporated order to withdraw funds. *See Bray*, 179 S.W.3d at 726.

/s/ Lee Gabriel
Lee Gabriel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 26, 2019

7